I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 11-4-11

DEPUTY CLERK



# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON WARREN LARSON, | Case No. EDCV 11-1731-DDP (JPR) |
| Petitioner, | |
| vs. | ORDER TO SHOW CAUSE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

On November 1, 2011, Petitioner, a state prisoner incarcerated at Ironwood State Prison in Blythe, California, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition purports to state five grounds for relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[1] Exhaustion requires that Petitioner's contentions were

---

[1] A habeas petition "shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

fairly presented to the state courts and disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982). A federal court may raise the failure-to-exhaust issue sua sponte and may summarily dismiss on that ground. See Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v. Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d 119 (1987).

In section seven of the Petition, Petitioner has checked boxes indicating that grounds one, two, four, and five of the Petition were never raised in any state court proceeding. (See Pet. at 5-6.) Ground three, however, apparently was raised before the state courts. (See id.)[2] Petitioner's inclusion of grounds one, two, four, and five of the Petition thus renders the Petition a "mixed petition" containing both exhausted and unexhausted claims. Such petitions must generally be dismissed. See Rose, 455 U.S. at 518. If it were clear here that Petitioner's unexhausted claims were procedurally barred under state law, the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 1060,

---

[2] Petitioner claims that only ground three was raised in state court because "Attorney Gregory Marshall only filed the one Ground #3 and felt it was the only sufficient problem and would not listen to me." (Pet. at 6.)

103 L. Ed. 2d 380 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). It is not "clear," however, that if Petitioner were to raise his unexhausted claims in a habeas petition to the California Supreme Court (which as an original proceeding would not be subject to the same timeliness requirements as a Petition for Review of a Court of Appeal decision), the California Supreme Court would hold that Petitioner's unexhausted claims were procedurally barred under state law. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 377 (1993) (granting habeas relief to petitioner claiming sentencing error even though alleged error could have been raised on direct appeal).

In certain "limited circumstances," a district court may stay a mixed petition and hold it in abeyance while the petitioner returns to state court to exhaust unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). Under Rhines, the prerequisites for obtaining a stay while the petitioner exhausts his state remedies are as follows: (1) the petitioner must show good cause for his failure to exhaust his claims first in state court, (2) the unexhausted claims must not be "plainly meritless," and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." See id. at 277-78. It is unclear from the face of the Petition whether Petitioner meets these requirements.

IT THEREFORE IS ORDERED that on or before **December 5, 2011**, Petitioner shall either (1) file a formal stay-and-abeyance motion if he believes he can make the requisite showings; (2) voluntarily dismiss the Petition without prejudice pursuant to

Federal Rule of Civil Procedure 41(a)(1); or (3) show cause in writing why the Court should not recommend that this action be dismissed without prejudice for failure to exhaust state remedies.

DATED: November 4, 2011

*Jean Rosenbluth*

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE